45 C.C.P.A. (Patents).

SOCIETE ANONYME MARNE ET CHAMPAGNE, Appellant,

v.

Roger L. MYERS, Appellee.

Patent Appeal No. 6311.

United States Court of Customs and Patent Appeals.

Dec. 13, 1957.

Mock & Blum, New York City (Asher Blum, New York City, and Charles R. Allen, Jr., Washington, D. C., of counsel), for appellant.

Manuel J. Davis, Washington, D. C., for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH and JACKSON (retired), Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents acting for the Commissioner and affirming the decision of the Examiner of Interferences, 109 U.S.P.Q. 316, who thereby dismissed appellant's opposition to appellee's application for the registration of "Monopoles Alfred Rothschild" as a trademark for wines. The application was filed July 20, 1953 and alleges therein first use of the mark in commerce among the several states on May 23, 1953. Opposer claims use in the United States since 1937 of "A. Rothschild & Cie" also for wines.

The procedure in the Patent Office in this case appears to have been out of the ordinary and as such is correctly summarized in the decision of the Assistant Commissioner as follows:

"On September 16, 1954 the parties were notified that opposer's trial period was fixed at January 16, 1955 to February 16, 1955. On February 10, 1955 opposer filed a motion to take testimony in France and requested that all further proceedings be suspended until completion and filing of such testimony. Applicant resisted the motion, and on March 2, 1955, the motion was denied.

"Since no testimony was taken on behalf of opposer, applicant filed a motion for an order to show cause why judgment in favor of applicant should not be granted. The order to show cause was issued on March 2, 1955. In reply to the order, opposer moved that it be given an opportunity to take testimony to show its priority of use and to show that applicant is not entitled to registration. Under date of March 18, 1955 the Examiner of Interferences reset the trial periods, with opposer's period to end on April 18, 1955, and merely noted the applicant's motion for judgment.

"On April 7, 1955 opposer filed a notice that it would use as evidence a refused and abandoned applica-

tion to register "Rothschild" which it had filed in 1948.

"Testimony of one witness on behalf of opposer was taken in New York on April 14, 1955.

"On April 18, 1955 opposer filed another motion for leave to take testimony in France; and it filed a notice of reliance upon a French registration dated March 12, 1942, attaching a photocopy of what was asserted to be a renewal of said registration.

"On April 19, 1955 applicant filed a paper resisting opposer's motion and renewed his motion for judgment. The Examiner of Interferences denied opposer's motion and again issued an order to show cause why judgment should not be entered against it. On May 16, 1955 opposer filed a request for extension of time within which to respond to the order. Applicant resisted the extension. On June 3, 1955 opposer filed a paper to which was attached photocopies of what was alleged to be correspondence between applicant and opposer. The alleged correspondence was in the French language and on June 8, 1955 opposer filed what was stated to be English translations of the alleged correspondence.

"On July 1, 1955 the Examiner of Interferences suspended proceedings until January 2, 1956 stating in part:

" 'It appears from said correspondence that applicant, without regard to the conduct of this case in his behalf by counsel, has personally undertaken negotiations which might result in settlement of the present controversy between the parties. It is believed that proceedings herein should be held in abeyance until such negotiations have been concluded.'

"On July 11, 1955, applicant petitioned the Examiner of Interferences to take the matter up for ap-

propriate action, attaching a photocopy of a French registration of a label showing 'Champagne des Monopoles Alfred Rothschild' dated July 22, 1947 issued to Alfred Rothschild.

"On July 13, 1955, opposer filed a photocopy of a French registration of 'Rothschild (A. Rothschild et Cie)' for wine, sparkling wine, champagne, cider, beer, alcohol, brandy and liqueurs dated March 12, 1942, issued to opposer.

"On July 26, 1955 the Examiner of Interferences granted applicant's petition to take action, held that no sufficient response had been made by opposer to the order to show cause, and dismissed the opposition. Opposer has appealed."

Appellant contends that the Patent Office tribunals committed reversible error in dismissing the opposition on motion and without a final hearing. Certainly such procedure was irregular since testimony had been taken by the opposer. However, as was stated by the Assistant Commissioner, it does not appear that appellant suffered any material damage through the failure of the Examiner of Interferences to set the case down for final hearing. It is noted that, so far as the record shows, appellant did not ask the Examiner of Interferences to set a final hearing.

■ The first question presented here is one of Patent Office procedure, and the ruling of the Assistant Commissioner on that point should not be set aside by this court unless the ruling was clearly erroneous. No such error has been found and it is accordingly held that the procedure hereinbefore described and followed in the Patent Office involves no error which would justify a reversal of the decision appealed from.

■ The burden of proof rests upon an opposer to establish his superior right to the use of the mark defined and relied upon in the notice of opposition. To meet that requirement of the trademark law appellant has had recourse to a va-

riety of expedients including certain testimony, documents of record, and a series of arguments which are hereinafter discussed and passed upon.

Appellant offered the testimony of a single witness, Irving C. Dobrow, an officer of Vintage Wines Inc., a New York corporation, who testified that his firm, in June or July, 1950, imported two hundred cases of Rothschild champagne ordered from the appellant, and that a further quantity was ordered March 5, 1955. No evidence was offered of orders for the period of more than four years between those dates. On the basis of that evidence it would appear that appellant had not been using the mark during a period of more than two years prior to the filing date, July 23, 1953, of appellee's application for registration, and such discontinuance of use, under the definition of "abandonment" in section 45 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1127, constitutes *prima facie* evidence of abandonment. Dobrow's testimony as to the importation of merchandise hereinbefore described is therefore of no value in showing ownership by appellant of the mark in issue, or such prior use of that mark as would bar appellee's right to registration.

■ Appellant argues that it is entitled to the benefit of a presumption that some of the "Rothschild" champagne purchased by Dobrow's corporation in 1950 might still have been available at some retail store as late as May 18, 1954, when the opposition here involved was filed. We do not consider such a presumption justified. It is incumbent on an opposer to establish by proofs the use on which he relies and not leave that important obligation to be discharged by speculation.

Dobrow also stated that he had seen "Rothschild" champagne in appellant's winery for many years and that for seven years he had considered that mark to be "synonymous" with appellant. Such testimony involves merely a conclusion of the witness and cannot take the place of the required testimony as to

actual use of the mark in the United States.

Appellant also relies on a French registration of the name "Rothschild" and an abandoned United States application for the registration of that name. Neither of those documents, however, is of any value in support of the opposition, since neither affords evidence of use or ownership of the mark in this country.

The alleged correspondence between appellant and appellee, referred to in the above-quoted excerpt from the decision of the Assistant Commissioner, is clearly not competent evidence in support of appellant's case. It was presented after the expiration of appellant's time for taking more testimony and was not identified by any witness. The fact that the case was not set for final hearing by the Examiner of Interferences cannot serve to make the offer of the correspondence timely or to convert it into proper evidence.

The fact that appellee may have entered into negotiations with appellant with a view to settling the opposition, as noted by appellant, obviously cannot be accepted as proof that the opposition was well founded.

Appellant urges in its brief that appellee is not entitled to the registration of the mark in issue because the labels filed with the opposed application indicate origin of the goods in someone other than appellee and because the papers by which appellee purports to derive title to the mark from its predecessor are insufficient. Neither of those questions was raised either in the notice of opposition or in the reasons of appeal to this court. Accordingly they are not properly before us for consideration.

We agree with the Assistant Commissioner that appellant has failed to discharge the burden of proof which rested upon it as an opposer, and the decision appealed from dismissing the opposition is accordingly affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.