**SUPREME WINE CO., Inc., Plaintiff,**
**v.**
**The AMERICAN DISTILLING COMPANY, Defendant.**

United States District Court
S. D. New York.
April 4, 1962.

Judah B. Felshin, New York City, for plaintiff; Harold E. Cole, Boston, Mass., of counsel.

Watson, Leavenworth, Kelton & Taggart, New York City, for defendant; Leslie D. Taggart, Robert C. Nicander, Nicholas J. Stathis, Herbert Blecker, New York City, of counsel.

DAWSON, District Judge.

## I. *Introduction.*

This action was brought by the plaintiff for the purpose, among others, of reviewing a decision of the Patent Office Trademark Trial and Appeal Board which sustained the defendant's opposition to the registration by the plaintiff of the trademark SUPREME for vodka. The opposition was based upon defendant's prior and continuous use of the unregistered trademark BOURBON SUPREME for whiskey.

In its complaint as amended, plaintiff seeks a reversal of the Patent Office decision refusing registration, an injunction against defendant's use of the trademark SUPREME for alcoholic beverages, and an accounting for profits and damages.

The defendant in its answer and counterclaim, as amended, asks for correlative relief on its behalf.

Jurisdiction of this Court is based upon (1) diversity of citizenship and the requisite amount in controversy; (2) the trademark laws of the United States, Trademark Act, of July 5, 1946, 15 U.S.C.A. §§ 1051–1127, and (3) the jurisdictional provisions of 28 U.S.C. § 1338 and 35 U.S.C. § 146.

## II. *Findings of Fact.*

The testimony adduced at the trial established the following facts:

The plaintiff company, which was incorporated in Massachusetts in 1934, first used the trademark SUPREME in March 1935, at which time it sold wine under this name. Plaintiff has continued to sell various kinds of wine under the trademark SUPREME up to the present, its sales being largely confined to the New England area. Plaintiff's trademark SUPREME for wines was registered in the United States Patent Office, Reg. No. 623,659, on March 20, 1956.

The plaintiff did not sell any distilled alcoholic liquors until 1956. Since 1956, however, it has sold vodka, brandy and martini and manhattan mixes, all bearing the trademark SUPREME. It has not registered SUPREME as a trademark for those distilled liquors.

The defendant, a Maryland corporation, first used the trademark SUPREME on one of its products in July 1934, eight months prior to the use of that name by the plaintiff. At that time the trademark was used on gin; in 1936 it was also used by the defendant on rye and bourbon whiskeys. The defendant has continued to use the trademark SUPREME on gin up to the present time, with the exception of the years 1941 through 1948 when it was unable to produce gin because of government wartime restrictions. In 1941 the defendant discontinued use of the trademark SUPREME as a prefix to the word "Bourbon" on its whiskey and adopted instead the trademark BOURBON SUPREME, all printed on one line and in the same size type. At the present time the defendant sells gin under the trademark SUPREME and whiskey under the trademark BOURBON SUPREME. Since 1934 the defendant has continually employed the name SUPREME as a trademark, either alone or in combination, on one or more of its alcoholic beverages. The defendant has never sold any vodka. The defendant's product BOURBON SUPREME is sold nationally and is one of the largest selling brands of straight bourbon whiskey. The product has been advertised extensively.

The trademarks SUPREME and BOURBON SUPREME have never been registered by the defendant although the defendant now has pending an application to register BOURBON SUPREME for bourbon whiskey (Serial No. 49,731, filed April 16, 1958).

The parties have stipulated that defendant began using BOURBON SUPREME as a trademark for whiskey on April 1, 1941 and that plaintiff did not use SUPREME for distilled alcoholic beverages earlier than February 23, 1956.

On May 3, 1956, the plaintiff filed an application in the United States Patent Office to register the trademark SUPREME, with a design, for vodka. The registration was opposed by the defendant in this action upon the basis of its prior and continuous use of the trademark BOURBON SUPREME for whiskey. The Patent Office Trademark Trial and Appeal Board on June 2, 1959 sustained the opposition and refused the plaintiff's registration. The decision of the Board was based on its holding that (1) there could be no doubt that vodka and bourbon, if sold under the same or similar marks would be attributed to a single producer or distributor and, (2) the applicant's composite mark so resembled the opposer's previously used mark BOURBON SUPREME that it was likely to cause confusion of purchasers.

III. *Discussion and Conclusions of Law.*

■ There can be no dispute, in view of the evidence, that the defendant was the first to use the name SUPREME on distilled alcoholic liquors. The evidence was convincing that the trademark SUPREME, either alone or in the combination BOURBON SUPREME, has been used by the defendant continuously since 1934, whereas the plaintiff's first use of SUPREME was on wine in 1935. Since the defendant has been using the name SUPREME continuously on its distilled liquors since 1934 it seems plain that the defendant has a prior right in that name, at least in the particular products sold by it before the plaintiff's entry into the distilled liquor field. Moreover, it is reasonable to suppose that the use of the name SUPREME by the plaintiff on its vodka, another distilled liquor, would tend to create confusion with defendant's products in the mind of the ordinarily prudent purchaser. There was testimony that several other companies sell both gin and vodka under the same trademarks, and that vodka and gin are similar liquors in appearance.[1] The defendant sells some of its gin and whiskey in the same geographical area as the plaintiff sells its products. Accordingly, the Trademark Trial and Appeal Board was correct in holding that plaintiff was not entitled to register SUPREME as a trademark for vodka because of possible confusion with defendant's established trademarks.

■ There remains to be determined the right of the plaintiff to continue to use the trademark SUPREME on wine. If wine is to be considered in the same category as distilled alcoholic liquors, and if the marks as actually used on the labels are so similar as to create confusion in the mind of the ordinarily prudent purchaser, then the defendant might be entitled to an injunction against the plaintiff's use of SUPREME on wines. Under the circumstances of this case, however, it cannot be said that plaintiff has failed to establish a right to continue the use of the name SUPREME on wines. The name SUPREME, which is simply suggestive of top quality, is a weak trademark and the protection accorded to the first user should be extended only to cover the most closely related categories of goods. Majestic Mfg. Co. v. Majestic Electric Appliance Co., Inc., 172 F.2d 862 (6th Cir. 1949). There are appreciable physical differences between the labels used on plaintiff's wine and the BOURBON SUPREME label which tends to reduce any possible confusion. Both sides agreed that wines and distilled liquors are not competitive.[2] It is

---

1. Numerous instances were given at the trial of one trademark applying to various classes of distilled liquors, such as:

| | |
|---|---|
| Fleischmann's: | whiskey, gin, vodka |
| Hiram Walker: | whiskey, gin, vodka |
| Gilbey's: | gin, vodka |
| Carstairs: | whiskey, gin |
| Calvert: | whiskey, gin |
| Seagram: | whiskey, gin. |

2. "THE COURT: I understand also from what Mr. Brown says that the defendant

noteworthy also that the Patent Office has separate categories of trademarks for wines and distilled alcoholic beverages. No evidence was presented of any actual confusion of purchasers.

The conclusion that for trademark purposes wine may properly be considered to be in a separate category from distilled alcoholic beverages is supported by several cases. Englander v. McKesson-Roeber-Kuebler Co., 120 N.J.Eq. 480, 185 A. 917 (Ct.Ch.1936) ("I think there is no substantial competition between gin on the one hand, and port, sherry, and cordials on the other."); Atlas Beverage Co. v. Minneapolis Brewing Co., 113 F.2d 672 (8th Cir. 1940) (whiskey and beer in separate categories); Ph. Schneider Brewing Co. v. Century Distilling Co., 107 F.2d 699 (10th Cir. 1939) (same). See also National Distillers & Chemical Corp., 297 F.2d 941 (CCPA 1962).

■ The holding of this Court therefore is as follows:

1. The decision of the Patent Office Trademark Trial and Appeal Board, holding that plaintiff is not entitled to register the trademark SUPREME for vodka, is affirmed.

2. As against the plaintiff, the defendant has the prior right to the trademarks BOURBON SUPREME for whiskey and SUPREME for gin. As against the defendant, the plaintiff is the owner of the registered trademark SUPREME for wines.

3. The Court declines to order the Commissioner of Patents to register defendant's trademark BOURBON SUPREME for whiskey since the registerability of this mark may depend on the resolution of issues not involved in this proceeding which should be determined in the first instance by the Patent Office.

4. The use of the name SUPREME by the defendant on its BOURBON SUPREME whiskey and on gin is not an infringement of any rights of the plaintiff and plaintiff's action for trademark infringement is dismissed.

5. The plaintiff has infringed defendant's trademarks SUPREME and BOURBON SUPREME for distilled alcoholic beverages by its use of SUPREME on vodka, gin and other distilled alcoholic beverages.

6. The plaintiff is enjoined from using the trademark SUPREME in the advertising, offering for sale, or sale of distilled alcoholic beverages.

7. Defendant is entitled to an accounting for damages and profits by reason of plaintiff's trademark infringement in the field of distilled alcoholic beverages and the decree shall provide for the appointment of a Commissioner to determine the amount thereof.

■ 8. Defendant's request for an allowance of attorney's fees is denied, since there has been an insufficient showing that plaintiff's registration was fraudulent. See 15 U.S.C.A. § 1120.

This opinion shall constitute the findings of fact and conclusions of law of the Court.

Submit decree.

---

does not contend that wines and distilled liquors are competitive?

"MR. TAGGART: That is right, your Honor, and I think the other side has already contended that through the testimony of Mr. Nunzio.

"MR. COLE: We do concede that."