**HOOD RIVER DISTILLERS, INC.,**
Appellant,

v.

**Roger Louis MYERS, d.b.a. Monopoles Alfred Rothschild, Appellee.**

**Patent Appeal No. 7154.**

United States Court of Customs and Patent Appeals.

May 14, 1964.

Buckhorn, Blore, Klarquist & Sparkman, Kenneth S. Klarquist, Joseph B. Sparkman, Portland, Or., Andrew B. Beveridge, Washington, D. C., for appellant.

Manuel J. Davis, Davis & Smith, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

SMITH, Judge.

We have examined the meager record herein and have considered the appealed decision in view of appellant's brief and oral argument. We have found nothing which persuades us of error in the statement of the case or the reasoning of the Trademark Trial and Appeal Board in its decision of November 14, 1962 (136 US PQ 274). We append the opinion hereto since we deem it unnecessary to write a separate opinion or to advance other reasons to support the decision therein. We therefore adopt the said opinion and *affirm* the decision of the board.

Before Leach, Lefkowitz, and Shryock, Members.

Opinion by Shryock, Member:

An application has been filed by Hood River Distillers, Inc. to register for vodka the following:

**BARON ROTHSCHILD VODKA**

The word "vodka" has been disclaimed and use of the mark since August 19, 1958 is asserted. The application contains the following information:

"Baron Rothschild is the popular appellation of W. Lansing Rothschild

whose portrait appears on the drawing. The crest and coat of arms shown as part of the trademark are of the 'Baron' Rothschild family. Consent to the registration and use of said features is of record in this application."

Registration has been opposed by Roger Louis Myers, registrant of "MONOPOLES ALFRED ROTHSCHILD" for wines,[1] and for brandy and cognac.[2] The French word Monopoles, meaning monopolies, has been disclaimed.

Neither party has taken testimony.

The only question for consideration is that of likelihood of confusion in trade.

Applicant contends that the goods of the parties are inherently different and originate from different sources, citing in support thereof the decision in In re National Distillers and Chemical Corporation, 297 F.2d 941, 49 CCPA 854 (1962), wherein the Court drew certain distinctions between wine and rum; and that the marks do not look alike, sound alike, or evoke similar impressions. While it has been held that there are distinctions between wines, on the one hand, and distilled alcoholic beverages, on the other because such products are not directly competitive, no such distinction can be drawn between different distilled alcoholic beverages such as vodka, brandy and cognac. See: Supreme Wine Co., Inc. v. American Distilling Company, 203 F.Supp. 736 (DCNY, 1962).

Regarding the marks in question, applicant states that "BARON ROTHSCHILD" together with the "seal and crest", which forms a part of applicant's mark, evokes an impression of nobility while "MONOPOLES ALFRED ROTHSCHILD" connotes the name of a business of an ordinary individual.

Aside from the fact that applicant's assertions as to the suggestiveness of "BARON ROTHSCHILD" are contra to those made in its application for registration wherein the term "Baron" was stated to be a popular appellation, or nickname, for an individual, there is no reason to believe that "Baron Rothschild" and "Alfred Rothschild" could not be regarded as one and the same individual. In this regard, the Board will take judicial notice, as requested by applicant, that the surname Rothschild is a name of world renown both in the banking or financial world and in the French wine industry, and will also take judicial notice that several of the present Rothschilds are members of the nobility. Under these circumstances, it would appear only logical that persons familiar with opposer's brandy and cognac under the mark "MONOPOLES ALFRED ROTHSCHILD" would, upon seeing vodka sold under the mark "BARON ROTHSCHILD" and design, be reasonably likely to assume that such product was either manufactured by or was in some way connected with the opposer.

Applicant finally contends that opposer, during the course of securing one of its registrations here in issue, made certain representations in its brief to the Court of Customs and Patent Appeals concerning its rights in the name "ROTHSCHILD". Any such alleged admissions have not been mentioned in the decision by the Court,[3] and since they have not been presented in evidence herein they cannot be considered by the Board in arriving at its conclusions.

Decision:

The opposition is sustained; and registration to applicant is refused.

Affirmed.

---

1. Reg. No. 660,630, issued Apr. 15, 1958. [All footnotes by board.]

2. Reg. No. 662,688, issued June 3, 1958.

3. Societe Anonyme Marne et Champagne v. Myers, 250 F.2d 374, 45 CCPA 755 (1957).