59 CCPA

**TIFFANY AND COMPANY, Appellant,**

v.

**COLUMBIA INDUSTRIES, INC.,
Appellee.**

**Patent Appeal No. 8643.**

United States Court of Customs
and Patent Appeals.

March 2, 1972.

Milo G. Coerper, Washington, D. C., attorney of record, for appellant; Coudert Brothers, Washington, D.C., of counsel.

John C. Stahl, San Antonio, Tex., attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and ROSENSTEIN, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board [1] dismissing the opposition on the ground that opposer had neither taken testimony nor offered evidence and had therefore failed to prove its case. We reverse and remand the case for further proceedings consistent herewith.

Appellee had filed an application for the registration of TIFFANY for bowling balls.[2] The trademark examiner initially refused registration on the ground that as applied to appellee's goods, the mark so resembles the mark TIFFANY for playing-cards and chips and cribbage-boards, Registration No. 137,722, registered November 30, 1920, by Tiffany & Company, "as to be likely * * * to cause confusion, or to cause mistake, or to deceive." [3] A copy of the cited registration was attached to the examiner's action. Appellee successfully urged that there was no likelihood of confusion. The mark was published, and appellant filed a notice of opposition. Opposer's pleadings alleged ownership of, inter alia, Registration No. 137,722 and asserted that "there is likelihood to cause confusion in the minds of customers and impair the general good will which Opposer has built up since 1868 for the trademarks 'TIFFANY' and 'TIFFANY & CO.'" Appellee denied any likelihood of confusion, but did state that it "admits the registrations referred to in the notice of opposition."

Testimony periods were fixed, and upon the passage of opposer's closing testimony date, appellee moved for dismissal of the opposition under Rule 2.132(a) [4] of the Trademark Rules of

1. Result reported at 161 USPQ 830 (1969).

2. Application Serial No. 268,582, filed April 7, 1967.

3. See Lanham Act § 2(d), 15 U.S.C. § 1052(d).

4. Rule 2.132(a) provides:

Upon the filing of a statement by any party in the position of defendant, that the time for taking testimony on behalf of any party in the position of plaintiff has expired and that no testimony has been taken by him and no other evidence offered, an order may be entered that such party show cause within a time

Practice on the ground that the testimony period had expired without opposer having taken testimony or having offered any evidence. The Patent Office required appellant to show cause why judgment by default should not be entered against it. Appellant responded by noting that the time for filing briefs had not expired, alleging a meritorious cause, and moving for a reopening of the testimony period since it was through inadvertence that opposer failed to take testimony. After further replies by appellee and appellant, the Trademark Trial and Appeal Board rendered its decision holding that inadvertence was not sufficient reason to reopen the testimony period. The board then said:

> When a party predicates its claim of damage upon ownership of pleaded registrations, it may make these registrations of record by furnishing two copies of each along with its notice of opposition in accordance with Rule 2.122(b) or by filing a notice of reliance thereon in which the registrations in question are specified and by submitting copies of these registrations to the Patent Office before the close of its testimony period in accordance with the provisions of Rule 2.123(c).

> Inasmuch as opposer did not file copies of its pleaded registrations along with its complaint and since applicant in its answer to the notice of opposition did not concede opposer's allegations of ownership thereof, opposer's record consists only of its pleadings. See: Roman Meal Company v. Hunt Foods and Industries, Inc., 131 USPQ 236 (TT & A Bd., 1961).

> Having failed to take any testimony or to introduce any other evidence during the time prescribed therefor, opposer has not proved its case.

On this appeal, appellant contends that the board erred in refusing to consider Registration No. 137,722 to be in evidence. Appellant wishes to have the board consider the merits of its opposition and determine whether or not the mark TIFFANY as applied to bowling balls is likely to cause confusion with the registered mark TIFFANY for playing-cards and chips and cribbage-boards. The sole issue before us is, therefore, whether the board was correct in concluding that appellant's registered mark is not in evidence.

It is appellant's position that Registration No. 137,722 is in evidence on either of two theories. Appellant first relies upon Rule 2.122(a) which reads in relevant portion:

> Matters in evidence. (a) The files * * * of the application against which an opposition is filed * * * form part of the record of the proceeding without any action by the parties, and may be referred to for any relevant and competent purpose.

Appellant contends that because its registration is in the file of appellee's application by virtue of the examiner's initial refusal to register TIFFANY for bowling balls on the ground of likelihood of confusion with TIFFANY for playing-cards and chips and cribbage-boards, the mark is likewise in evidence in this opposition. Alternatively, appellant regards appellee's admission of "the registrations referred to in the notice of opposition" as a concession of appellant's ownership of the mark. Appellant distinguishes the *Roman Meal* case cited by the board in this case on the ground that there the applicant had *denied* opposer's allegation of ownership.

In the brief before this court, appellee basically adopts the position taken by the board. Appellee additionally urged at oral hearing that appellant should be estopped from raising these arguments since they were not, it is asserted, raised below.

set therein, not less than ten days, why judgment should not be rendered against him, and in the absence of a showing of good and sufficient cause judgment may be rendered as by default.

## OPINION

■ The board recognized that an opposition can be predicated solely on a prior registration, and neither testimony need be taken nor further evidence introduced since under § 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), a certificate of registration is "prima facie evidence of the validity of the registration, registrant's ownership of the mark, and registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate * * *." See Coral Chemical Co. v. H. D. T. Company Factors, Inc., 332 F.2d 841, 51 CCPA 1413 (1964). Appellant's notice of opposition raised its prior registration, and the board considered the Trademark Rules of Practice and appellee's answer to the notice of opposition to ascertain whether a prior registration was before it. After the board concluded that no prior registration of appellant was in evidence, appellant requested reconsideration urging error in that respect. Appellant did not, however, suggest that the board improperly failed to apply Rule 2.122(a) which, as discussed above, relates to the status of an applicant's file in an opposition proceeding. In fact, appellant never did make that contention below, and we therefore do not regard that argument as before us. In re Helena Rubinstein, Inc., 410 F.2d 438, 56 CCPA 1110 (1969).

■ In its request for reconsideration, appellant contended that in view of its assertion in the notice of opposition and appellee's admission in response, appellant's prior registrations were entitled to be considered on the merits. Appellant having raised this argument before the Patent Office, we consider it to be before us.

Had appellant filed two copies of any of the registrations pleaded in its notice of opposition, such registrations would be in evidence by virtue of Trademark Rule of Practice 2.122(b).[5] Under the circumstances of this case, we do not feel that the failure to attach copies of Reg. No. 137,722 should make a difference. The purpose of pleadings is to apprise a party by fair notice of the case it has to meet, and the Federal Rules of Civil Procedure reject the approach that pleading is a game of skill. American Novawood Corp. v. United States Plywood-Champion Papers, Inc., 426 F.2d 823, 827, 57 CCPA 1276, 1281 (1970). We think that at least with respect to Reg. No. 137,722, appellee had such notice without the attachment of copies.

Unlike the situation in *Roman Meal*, the TTAB opinion cited by the board in this case, appellee did not deny appellant's ownership of the registration, but rather admitted "the registrations referred to in the notice of opposition." Reg. No. 137,722 shows on its face ownership in opposer and makes out a prima facie case of ownership under § 7(b) of the Lanham Act, 15 U.S.C. § 1057(b). Appellee cannot and does not contend lack of familiarity therewith since that is the registration which was interposed by the examiner during the ex parte examination of the opposed application. Finally, that the opposition was premised on the ground of likelihood of confusion with this mark is apparent from the notice of opposition.

Since appellee had fair notice of the case it had to meet, it would work an injustice on appellant under these circumstances to deprive it of the right to rely on the statutory presumptions flowing from registration of the mark TIFFANY for playing-cards and chips and cribbage-boards, Reg. No. 137,722. Accordingly, the decision of the board is reversed and the case is remanded for further proceedings consistent herewith. On remand, appellant must be permitted

5. Rule 2.122(b) reads in pertinent part:
A registration of the opposer * * * pleaded in an opposition * * * will be received in evidence and made part of the record if two copies of the printed registration accompany the opposition * * *.

to argue the merits of his contention that the contemporaneous use of TIFFANY for bowling balls and TIFFANY as previously registered is likely to cause confusion, mistake or to deceive.

Reversed and remanded.