**HOLLISTER INCORPORATED,**
**Opposer-Appellant,**

v.

**Dixon P. DOWNEY, Applicant-Appellee.**

**Appeal No. 77–595.**

United States Court of Customs
and Patent Appeals.

Dec. 1, 1977.

David M. Allen, Chicago, Ill., atty. of record, for appellant, Richard T. Zwirner, and Judith L. Borden, Chicago, Ill., of counsel.

John H. Oltman, Fort Lauderdale, Fla., atty. of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

Appeal from a decision of the Trademark Trial and Appeal Board (board) dismissing an opposition to the registration of LINE O SIGHT, application serial No. 448,893. We reverse and remand.

### Background

Hollister, Inc. (Hollister) opposed Downey's effort to register LINE O SIGHT on grounds of confusing similarity with Hollister's previously used and registered trademark LINE–O–VISION. Hollister pleaded its registration Nos. 775,932 and 992,004, and attached to its notice of opposition a copy of its order for "status copies" of its registrations, to be prepared by the Patent and Trademark Office (PTO) and filed with the notice. Downey's answer, alleging insufficient information regarding Hollister's ownership of its registrations, left Hollister to its proofs. Neither party took testimony.

The board, *sua sponte,* held the pleaded registrations not properly of record, for failure to show title in compliance with Trademark Rule of Practice 122(b), 37 CFR 2.122(b),[1] and dismissed the opposition for lack of standing in Hollister.

### Issue

The dispositive issue is whether the board erred in dismissing the opposition under the circumstances of this case.

### OPINION

■ Under § 7(b) of the Lanham Act, 15 U.S.C. § 1057(b),[2] a certificate of registra-

---

1. Rule 122(b) reads:
   A registration of the opposer * * * pleaded in an opposition * * * will be received in evidence and made part of the record if two copies showing status and title of the printed registration or an order for such copies accompany the opposition * *.

2. § 1057. Certificates of registration
   * * * * * *
   (b) Certificate as prima facie evidence.

A certificate of registration of a mark upon the principal register provided by this chapter shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark, and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein.

tion is prima facie evidence of the registrant's ownership of the mark. To be entitled to that statutory presumption of ownership, Hollister must show that it is the registrant, i. e., the owner of the pleaded registrations.

In *Tiffany & Co. v. Columbia Industries, Inc.*, 455 F.2d 582, 59 CCPA 851, 173 USPQ 6 (1972), a case arising under Rule 122(b) prior to its 1972 amendment,[3] this court said:

> Had appellant filed two copies of any of the registrations pleaded in its notice of opposition, such registrations would be in evidence by virtue of Trademark Rule of Practice 2.122(b). Under the circumstances of this case, we do not feel that the failure to attach copies of Reg.No. 137,722 should make a difference. * *
>
> * * * Reg.No. 137,722 shows on its face ownership in opposer and makes out a prima facie case of ownership under § 7(b) of the Lanham Act, 15 USC 1057(b). * * *
>
> Since appellee had fair notice of the case it had to meet, it would work an injustice on appellant under these circumstances to deprive it of the right to rely on the statutory presumptions flowing from registration of * * * [its] mark * * *.

455 F.2d at 585, 59 CCPA at 854–55, 173 USPQ at 8 (footnote omitted).

Like the applicant in *Tiffany*, Downey had fair notice of the entire case he had to meet. The notice of opposition names and attaches copies of Hollister's registrations and specifies that the opposition is premised on likelihood of confusion with those marks. The registrations show ownership in Hollister on their face. The registrations therefore established a prima facie case of ownership under § 7(b), and shifted the burden of going forward to Downey. Downey's answer leaving Hollister to its proofs did not meet that burden. An opposer has a

right to rely on a prima facie case as its proof. Absent a contrary showing, such prima facie case will prevail.

The copies of registration Nos. 775,932 and 992,004 supplied by the PTO were stamped "status copy." Stamps also showed registration date, acceptance of the § 8 affidavit, and filing of the § 15 affidavit. The registrant in both cases was "Hollister Inc." No stamp reflected the results of a title search or similar indication of an updating of title.

Rule 122(b) was amended:

> [T]o eliminate the ambiguity in the old rule which resulted in many oppositions and petitions being dismissed for lack of evidence on the part of the party in position of plaintiff. In these cases, the plaintiff pleaded ownership of a registration which on its face issued to another party and attached to its pleading two copies of the registration which did not show its current status. While a search of the Office records would have revealed plaintiff to be the owner by assignment of the pleaded registration, the rule as then constituted provided that notice would be taken of an assignment only if identified in the opposition or petition to cancel or other pleading. * * *

S. Lefkowitz, *The Newly Amended Rules Governing the Inter Partes Procedure before the Trademark Trial and Appeal Board*, 63 T.M. Rep. 297, 300 (1973). There was no assignee here.

An opposition is inter partes. Absent an applicant's challenge to an opposer's title, the interest of the PTO in opposer's title is to insure against employment of its processes by persons not entitled thereto. Thus the PTO has a right to assure itself of title, particularly where the name of registrant and opposer differ, or a similar reason appears for questioning title. Though the instances in which an opposer would rest an opposition on a registration not its own can be assumed rare, Rule 122(b) was apparent-

---

3. Rule 122(b) formerly read:

   A registration of the opposer * * * pleaded in an opposition * * * will be received in evidence and made part of the record if two copies of the printed registration accompany the opposition * * *.

ly adopted to preclude that event. In the present case, the names of the registrant and the opposer are identical. Though it is possible that intervening corporate changes could cause the Hollister of the registrations and the Hollister of the opposition to be separate entities, and though it is possible that an assignment may have occurred, nothing of record raises any such question.

At the time Hollister requested the status reports, Rule 6, 37 CFR 2.6, required a single fee. There was no separate provision for a title request. Hollister asserts that when he filed, "status copy" was generally understood to mean a copy showing status and title.[4] However that may be, the absence of a separate fee for title is suggestive. Rule 6 was amended to require a separate fee as of February 2, 1976, 40 Fed.Reg. 57359 (1975), well after Hollister had filed and before the board acted in this case.

Under the circumstances of this case, the board could have set a time for Hollister to obtain and file proof of title. A flexible, not mechanical, approach was warranted under these circumstances, particularly in light of the intervening fee change. Expediting of appeals is laudable, but dismissing on purely mechanical grounds can, as it did here, prove wasteful of judicial resources.

The decision of the board is *reversed* and the case is *remanded* for further proceedings consistent herewith.

REVERSED AND REMANDED.

---

4. The Notice of Proposed Rule Making, 37 Fed. Reg. 18002 (1971), stated:

Section 2.122(b) provides for a registration pleaded in an opposition or petition for cancellation to be received in evidence and made part of the record if two status copies of the printed registration or an order for such copies is submitted.

37 Fed.Reg. 18003. The proposed rule read as follows:

§ 2.122 Matters in evidence.
\* \* \* \* \* \*
(b) A registration of the opposer or petitioner pleaded in an opposition or petition to cancel will be received in evidence and made part of the record if two status copies (showing title in the party) of the printed registration or an order for such copies accompany the opposition or petition.
37 Fed.Reg. 18005.