**SANYO WATCH CO., INC., Appellant,**

**v.**

**SANYO ELECTRIC CO., LTD., Appellee.**

**Appeal No. 82–554.**

United States Court of Appeals,
Federal Circuit.

Oct. 29, 1982.

Myron Amer, Mineola, N.Y., attorney of record, for appellant. Bauer & Amer, P.C., Mineola, N.Y., of counsel.

Charles M. Marmelstein, Washington, D.C., attorney of record, for appellee. Armstrong, Nikaido, Marmelstein & Kubovcik, Washington, D.C., of counsel.

Before DAVIS, BENNETT and NIES, Circuit Judges.

NIES, Circuit Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board (board) dismissing Opposition No. 64,079 with prejudice, pursuant to a motion under 37 CFR 2.132(a),[1] because of appellant's failure to offer evidence to support the allegations of the Notice of Opposition. Appellant contends that the board erred in entering judgment, as by default, because of an admission by appellee in its Answer. We affirm.

## Facts

This appeal relates to an opposition to application serial No. 177,457, filed July 7, 1978, by Sanyo Electric Co., Ltd., a Japanese corporation (hereinafter Sanyo/Japan), to register the trademark SANYO for "digital electronic watches; watch movements; watch cases; watch hands and parts and accessories; and all other watches and clocks." The application sets forth an alleged date of first use in July, 1976. Sanyo Watch Co., Inc., a New York corporation (hereinafter Sanyo/New York), filed a Notice of Opposition to the above application alleging that it had prior use of SANYO WATCH for watches and that Sanyo/Japan had abandoned its rights by failing to use the mark SANYO for the above goods for a period of at least two years preceding the

---

1. 37 CFR 2.132(a) provides:

   § **2.132 Failure to take testimony.**

   (a) Upon the filing of a statement by any party in the position of defendant, that the time for taking testimony on behalf of any party in the position of plaintiff has expired and that no testimony has been taken by him and no other evidence offered, an order may be entered that such party show cause within a time set therein, not less than ten days, why judgment should not be rendered against him, and in the absence of a showing of good and sufficient cause judgment may be rendered as by default.

filing of the opposition. Likelihood of confusion between the respective uses was asserted.

Included in the Notice of Opposition was the following paragraph:

3. Opposer has applied to register SANYO WATCH for watches under Application Serial No. 193,299 filed November 14, 1978.

In response to the Notice, Sanyo/Japan (appellee) admitted that confusion between the respective uses of the parties was likely and admitted the allegations of paragraph 3 quoted above. All other allegations were denied.

Sanyo/New York (appellant) served interrogatories upon appellee which, appellant does not dispute, were answered. During appellant's testimony period, which closed September 25, 1981, appellant submitted no evidence. On October 9, 1981, appellee filed a motion under 37 CFR 2.132(a) for a judgment by default because of such failure. Appellant filed a response to the motion on October 16, 1981, asserting that the pleadings raised factual and legal issues which made it inappropriate to grant the motion. On October 23, 1981, the board issued an order to show cause why judgment should not be entered against appellant. No reply to the order was made by appellant.

On December 11, 1981, the board entered judgment against appellant and dismissed the opposition with prejudice. In its opinion, the board reviewed the proceedings and concluded that Sanyo/New York had failed to meet its burden of proof in the opposition.

In a request for reconsideration, appellant asserted that it was unable to prove abandonment except by cross-examination of witnesses which appellee should call to prove its use and that appellee's motion was premature, having been filed before appellee "has declared how it proves use prior to opposer." Appellant further asserted that its application was made of record by the pleadings and appellant was, therefore, not required to proffer any additional proof.

**2.** 37 CFR 2.122.

## OPINION

It is undisputed that appellant failed to submit any evidence during its testimony period. Accordingly, under 37 CFR 2.132(a) appellee was entitled to seek an immediate judgment from the board. Thereupon, the board properly issued an order to show cause why judgment should not be rendered against appellant and in rendering its judgment considered all of the circumstances of the case.

In essence, it is appellant's position that appellant has established use of the mark SANYO WATCH for watches since November 14, 1978, and that it is incumbent upon appellee to prove use prior to that date. Appellant fails on both points.

■ As an initial matter, we are in agreement with the board that appellant's "application," meaning the official application file, is not in evidence. Unlike the file of the opposed application, which is made part of the record by rule,[2] the application of an opposer must be brought into the record as any other evidence.

■ Moreover, even if appellant's position were correct that the admission placed the application into evidence, an application file of an opposer, unlike the registration of an opposer, does not establish an opposer's *prima facie* rights in the mark. Thus, the decision in *Tiffany & Co. v. Columbia Industries, Inc.,* 455 F.2d 582, 173 USPQ 6 (Cust. & Pat.App.1972), with respect to an admission by the adverse party of the existence of an opposer's registration, affords no support for appellant here.

■ Finally, if it were correct that the pleadings established that appellant had been using SANYO WATCH since at least November 14, 1978, this appeal would be wholly without merit. Appellee's application entitled it to a priority date as of its filing date, July 7, 1978. *Columbian Steel Tank Co. v. Union Tank & Supply Co.,* 277 F.2d 192, 194, 47 CCPA 898, 125 USPQ 406,

407 (1960). As the opposer in this proceeding, appellant bears the burden of proof which encompasses not only the ultimate burden of persuasion, but also the obligation of going forward with sufficient proof of the material allegations of the Notice of Opposition, which, if not countered, negates appellee's right to a registration. *Clinton Detergent Co. v. Procter & Gamble Co.,* 302 F.2d 745, 49 CCPA 1146, 133 USPQ 520 (1962); *American Throwing Co. v. Famous Bathrobe Co.,* 250 F.2d 377, 380, 45 CCPA 737, 116 USPQ 156, 158 (1957). A *prima facie* case against appellee would not be established by appellant's use as of November 14, 1978. Nor would establishment of that date shift to appellee the burden of going forward with the evidence. The burden remained on appellant to prove facts from which the board might reasonably conclude that appellee had abandoned its mark and could not, therefore, rely on the July 7, 1978, date. Appellant wholly defaulted with respect to presenting any evidence on this issue. Its argument that it was unable to do so is hollow, given the tools of discovery which it, in fact, used and given the provisions for depositions by written questions provided by the Trademark Rules of Practice.[3]

3. 37 CFR 2.124(d).

Appellant has advanced on appeal a technical argument with respect to the applicability of 37 CFR 2.132(a). However, the ultimate issue is whether the board abused its discretion in entering judgment on the basis of the record at the time the order to show cause was issued and appellant's subsequent explanation for its meagerness. *Link v. Wabash Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Societe Anonyme Marne et Champagne v. Myers,* 250 F.2d 374, 45 CCPA 755, 116 USPQ 153 (1957). It is the inadequacy of appellant's response to that order which resulted in this judgment. The board properly reviewed the entire record and did not dismiss on a mere technicality. Appellant has failed to convince us of any abuse of the board's discretion.

The decision of the board is, accordingly, *affirmed.*

AFFIRMED.