**HEWLETT-PACKARD COMPANY, Appellant,**

v.

**OLYMPUS CORPORATION, Appellee.**

**No. 91-1011.**

United States Court of Appeals, Federal Circuit.

May 2, 1991.

Don B. Finkelstein, Ladas & Parry, Los Angeles, Cal., argued, for appellant.

Allen J. Baden and Jonathan D. Reichman, Kenyon & Kenyon, of New York City, argued, for appellee. With them on the brief, was William T. Boland, Jr.

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Hewlett–Packard Company appeals from the final decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board, denying reconsideration of the Board's order dismissing Opposition No. 77,043 (April 10, 1990) with prejudice, because Hewlett failed to prosecute its case. *Hewlett–Packard Co. v. Olympus Corp.*, Opposition No. 77,043 (TTAB Aug. 14, 1990). We affirm.

## BACKGROUND

Hewlett timely filed a Notice of Opposition to registration of Olympus' mark, based on Hewlett's earlier use of "HP" on various medical instruments and power supplies. Included with the Notice of Opposition were copies of four United States trademark registrations issued to Hewlett. The parties agree that these copies showed no current status or title.

During the pendency of the opposition proceeding, it is undisputed that seven extensions of time were agreed to by the parties. In each instance, the requesting party contacted the other party by telephone, the parties orally agreed to extend the testimony periods, and the requesting party prepared a "Stipulated Extension" in writing, pursuant to the parties' oral discussions. The party seeking the extension then filed the Stipulated Extension with the Board, and sent a confirming copy to opposing counsel.

The Board approved the latest of these stipulations on September 14, 1989, when Hewlett requested an extension of the testimony periods to October 25, 1989, because of settlement discussions. Hewlett then deviated from its prior conduct: on October 11, it sent Olympus a letter rejecting a settlement offer and enclosed a proposed stipulation for another extension of testimony periods to December 24, 1989. The letter specifically requested that Olympus sign the stipulation and forward it to the Board. Olympus did not reply until December, when it told Hewlett's counsel in a telephone conversation that it would not stipulate to a further extension.

On December 18, 1989, some eight weeks after the close of Hewlett's testimony period, Hewlett again moved to extend the trial dates. Olympus subsequently filed a cross-motion, pursuant to 37 C.F.R. § 2.132(a) (1988), to dismiss for failure of Hewlett to prosecute its opposition.[1] The Board construed Hewlett's motion as one to reopen prosecution, pursuant to Fed.R.Civ.P. 6(b);[2] it held that Hewlett had not shown excusable neglect for its failure to act during its testimony period. The Board granted Olympus' motion and subsequently denied Hewlett's motion for reconsideration. This appeal followed.

## DISCUSSION

 The issue before us is whether the Board abused its discretion in dismissing Hewlett's opposition and in concluding that Hewlett did not show "excusable neglect" pursuant to Fed.R.Civ.P. 6(b), or "good and sufficient cause" to explain its delay in seeking to extend the testimony periods, pursuant to 37 C.F.R. § 2.132(a) (1988). *See Sanyo Watch Co. v. Sanyo Elec. Co.*, 691 F.2d 1019, 1022, 215 USPQ 833, 835 (Fed.Cir.1982). We conclude that neither requirement was met. The Board properly defined excusable neglect as

> failure to take the proper steps at the proper time, not in consequence of the absence of a showing of good and sufficient cause, judgment may be rendered against ... plaintiff.

1. 37 C.F.R. § 2.132(a) provides:
 § 2.132 Involuntary dismissal for failure to take testimony.
 (a) If the time for taking testimony by ... plaintiff has expired and that party has not taken testimony or offered any other evidence, ... defendant may ... move for dismissal on the ground of the failure of the plaintiff to prosecute.... [P]laintiff shall have fifteen days from the date of service of the motion to show cause why judgment should be rendered against him. In the

2. Fed.R.Civ.P. 6(b) provides for an enlargement of time after the expiration of the specified time period, "where the failure to act was the result of excusable neglect." The Federal Rules of Civil Procedure are to be used "wherever applicable and appropriate," in practice before the Board. 37 C.F.R. § 2.116(a) (1990).

party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party.

*Hewlett–Packard Co. v. Olympus Corp.*, Opposition No. 77,043, slip op. at 3 (TTAB April 10, 1990) (citing *Black's Law Dictionary* 508 (5th ed. 1979)).

■ Hewlett argues that its reliance on Olympus' silence and inaction establishes "excusable neglect" and "good and sufficient cause," on the grounds that it had no knowledge that Olympus had not signed and forwarded the stipulation to the Board, and that it believed that the stipulation had been sent to the Board. We disagree.

As opposer, it was incumbent on Hewlett, if it wished to postpone the deadline for taking testimony, to timely seek an enlargement of its testimony period. Hewlett failed to properly seek Olympus' agreement to an extension, relying instead on an unsolicited request that Olympus execute and forward to the Board a stipulated extension. A mere request to one's opponent for extension of time is not sufficient to meet Hewlett's burden in seeking an enlargement of its testimony period, and Hewlett cannot rely on Olympus' inaction to establish that its own neglect was excusable. Hewlett's attorney knew or should have known that no copy of an approved Stipulated Extension was returned to him by the Patent and Trademark Office, as provided for by 37 C.F.R. § 2.121(d).

Hewlett's argument that somehow Olympus' failure to sign and forward the extension request violates "ethical standards" or "commercial morality" is equally misplaced. Olympus was under no affirmative duty to remind Hewlett that it had failed to present its case or to properly seek an extension of Hewlett's testimony period. In sum, Hewlett has not shown that its delay in pursuing its opposition was excusable. In fact, it borders on the frivolous to argue that another party's reluctance to agree to an eighth extension of time and failure to respond to a proposed request for extension constitute unethical or immoral conduct sufficient to excuse one's own failure to take testimony during the prescribed period of time.

Moreover, Hewlett had multiple opportunities to present its case and failed to do so. After over one and one-half years and numerous extensions of time, Hewlett did not submit evidence or schedule testimony to support its notice of opposition. It failed to seek the last extension until nearly eight weeks after the expiration of the previous extension. Given this history, the Board did not abuse its discretion in determining that Hewlett's conduct was inexcusable.

Hewlett argues that Olympus did not timely file its motion to dismiss. However, in review of the record, it is clear that Olympus did timely file its motion. It is undisputed that Hewlett failed to submit any evidence during its testimony period. Accordingly, under 37 C.F.R. § 2.132(a), Olympus was entitled to seek an immediate judgment from the Board. Olympus' motion to dismiss, dated January 2, 1990, was filed in conjunction with a motion in opposition to Hewlett's motion to reset testimony periods, dated December 18, 1989, and was therefore properly filed within the fifteen-day period for responding to motions. 37 C.F.R. § 2.127(a) (1989). Moreover, even if its motion to dismiss had not been filed in conjunction with another motion, the Board's actions would be properly within its discretion. *See* 37 C.F.R. § 2.132(c) ("the Board may in its discretion grant a motion under paragraph (a) even if the motion was filed after the opening of the testimony period of the moving party"). Thus, the Board did not abuse its discretion in dismissing the opposition.

■ Hewlett next argues that, despite its failure to submit any evidence during its testimony period, the Board nevertheless should not have dismissed its opposition, since Hewlett initially established a *prima facie* case. *See* 15 U.S.C. § 1057(b) (1988) (certificate of registration of a mark is *prima facie* evidence of the validity of the registered mark and of the registration of the mark). The essence of Hewlett's argument is that copies of the four trademark

registrations enclosed with Hewlett's Notice of Opposition, combined with Olympus' admission of the issuance of the registrations to Hewlett and the absence of any evidence to the contrary, should be considered to establish Hewlett's *prima facie* case. We disagree.

To support its argument that Olympus admitted Hewlett's registrations, Hewlett points to paragraph 8 of Olympus' Answer to Hewlett's Notice of Opposition, in which "Applicant admits that [the four Hewlett marks] issued to Hewlett–Packard Company on the dates indicated." Hewlett argues that this admission is similar to the admissions by the applicant in *Tiffany & Co. v. Columbia Industries, Inc.,* 455 F.2d 582, 173 USPQ 6 (CCPA 1972), in which our predecessor court held that a *prima facie* case had been established. In *Tiffany,* the court stated that the applicant "admit[ted] the registrations referred to in the notice of opposition." *Id.* at 583, 173 USPQ at 6.

Here, Olympus merely admitted that the registrations *originally issued* to Hewlett. In paragraphs 9 and 10 of its Answer, it denied that the marks are "valid and subsisting and are in full force and effect," and it denied that

> [e]ach of the registrations ... is incontestible and conclusive evidence of Opposer's exclusive right to use the trademark "HP" in commerce or in connection with the goods listed in the registrations.

Hewlett argues that these denials were based on "lack of knowledge or information," and that they were therefore inadequate to constitute denials. However, denials based on lack of knowledge or belief are valid denials, Fed.R.Civ.P. 8(b); they effectively put Hewlett on notice that its claim was being challenged, thereby requiring Hewlett to prove its case.

The Trademark Rules provide a means for implementing this proof of a *prima facie* case. They require that, in an opposition proceeding, registrations may be entered into evidence by (1) furnishing two copies of each registration prepared and issued by the Patent and Trademark Office showing both the *current status* of and *current title* to the registration; (2) appropriate identification and introduction of the registrations during the taking of testimony; or (3) filing a notice of reliance on the registrations during Opposer's testimony period. 37 C.F.R. § 2.122(d) (emphasis added). These rules are simple and clear, but Hewlett did not follow them.

Hewlett argues that *Hollister Inc. v. Downey,* 565 F.2d 1208, 196 USPQ 118 (CCPA 1977) controls the result in this case. In *Hollister,* one of our predecessor courts held that the opposer's order for status copies of its registration to be prepared by the Patent and Trademark Office and filed with its Notice of Opposition sufficed to create a *prima facie* case. Here, however, in contrast to *Hollister,* there was no order for status copies, and the copies of the registrations submitted with the Notice of Opposition did not show the current status or title of the registrations. The court in *Hollister* stated that, if any question of current title had existed, the Board could have set a time for the opposer to obtain and file proof of title. *Id.* at 1211, 196 USPQ at 120. Here, testimony periods were set several times after Olympus challenged the current status and title of Hewlett's registrations and Hewlett took no action. Hewlett, apparently realizing that its submission was inadequate, stated in paragraph 12 of its Notice of Opposition that "Opposer will enter into evidence copies of the registrations ... prepared and issued ... showing both the current status of and current title to the registrations with the Notice of Reliance." Hewlett failed to take any such action.

In sum, the circumstances of this case do not establish a *prima facie* case precluding application of 37 C.F.R. § 2.132(a). While it is true that the law favors judgments on the merits wherever possible, it is also true that the Patent and Trademark Office is justified in enforcing its procedural deadlines.

Because there was a reasonable basis for Hewlett to argue the sufficiency of the submitted certificates of registration to establish a *prima facie* case, Olympus has not persuaded us that this appeal is frivolous. We therefore decline to grant its

request for its costs and attorney fees under Fed.Cir.R. 38.

### CONCLUSION

Through neglect, Hewlett failed to present a case, *prima facie* or otherwise, in opposition to Olympus' mark. The Board did not abuse its discretion in holding that Hewlett did not show excusable neglect and in accordingly rendering judgment with prejudice against Hewlett under 37 C.F.R. 2.132(a).

AFFIRMED.