THIS OFFICE IS CITABLE
AS PRECEDENT OF
THE T.T.A.B.

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
**Trademark Trial and Appeal Board**
2900 Crystal Drive
Arlington, Virginia 22202-3513

JAS

MAILED

FEB 1 2 1998

PAT. & T.M. OFFICE

Opposition No. 98,819    #14

Atlanta-Fulton County
Zoo, Inc.

v.

David J. DePalma and
Charlotte Wright DePalma
DBA Willie B. Famous
Designs

Before Sams, Hairston and Walters,
Administrative Trademark Judges.

By the Board:

This case now comes up for consideration of (1) opposer's motion to reset the discovery and testimony periods[1] and (2) applicants' cross-motion for involuntary dismissal under Trademark Rule 2.132(a). Applicants' brief in response to the motion to reopen is untimely, having been filed two days late and, therefore, has not been considered in this decision. However, as opposer's motion is potentially dispositive of this case, we have not treated that motion as conceded. Opposer filed a combined reply to the construed motion to reopen and response to applicant's motion under rule 2.132 for involuntary dismissal, which we

---

[1] The trial and discovery periods already having closed, the Board considers opposer's motion to reset as a motion to reopen under Fed. R. Civ. P. 6(b).

have considered only to the extent that it addresses the timeliness of applicant's response to the motion to reopen and responds to the motion for involuntary dismissal. A chronological review of the relevant history of this case is believed to be in order.

On October 17, 1996, the Board issued an order resetting the period for discovery to close, i.e., December 10, 1996, and the testimony periods to close thereafter. By that order, opposer's testimony period was reset to close on February 8, 1997.

On December 9, 1996, opposer served its first set of interrogatories and first set of document requests upon applicants. On January 3, 1997, applicants' counsel, via facsimile letter, requested a one month extension of time in which to respond to opposer's discovery requests and requested the name of one of opposer's principals so that applicants could have direct contact therewith. On January 6, 1997, opposer, through its counsel and via a telephone conversation, agreed to applicants' requested extension.

On February 4, 1997, applicants served by first-class mail their responses to opposer's discovery requests.[2] Said responses were accompanied by a cover letter containing a settlement proposal.

---

[2] As regards the responses, opposer alleges that applicants produced no documents and instead stated that they would make responsive, unobjectionable documents available, and objected to all of the interrogatories as burdensome and irrelevant.

2

On February 27, 1997, opposer's counsel contacted applicants' counsel by telephone and, during that conversation, questioned the sufficiency of the discovery responses, discussed document review logistics, and rejected applicants' settlement proposal.

During the period from February 27, 1997 through March 13, 1997, opposer's counsel arranged for the review of documents produced in response to its discovery requests.

On March 14, 1997, opposer discovered that it had inadvertently allowed its testimony period to expire. On March 17, 1997, opposer filed its motion to reopen the discovery and trial dates.

Turning to opposer's motion to reopen the discovery and testimony periods, opposer argues that its neglect in this case is excusable; that it has shown ample interest in advancing its position in this case; that opposer's counsel was in steady communication with applicants' counsel during the time that opposer's testimony period expired – arranging the logistics for opposer's review of documents; that the parties were continuing to discuss settlement possibilities during the time that the discovery and trial periods lapsed; that opposer cooperated with applicants in allowing applicants additional time to respond to discovery, which has served to further delay opposer's securing of an extension in this matter; that opposer has a meritorious

position in this case; and that applicants will not be prejudiced by any minimal delay that would result if the Board resets the discovery and testimony periods.

While opposer has extensively argued its position under the "good cause" standard governing an avoidance of a default judgment under Fed. R. Civ. P. 55(c), the showing that must be made to reopen a prescribed time under the Federal Rules of Civil Procedure is set forth at Rule 6(b), made applicable to Board proceedings by Trademark Rule 2.116(a). Rule 6(b) provides for an enlargement of time after the expiration of the specified time period, "where the failure to act was the result of excusable neglect."

As clarified by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), and followed by the Board in *Pumpkin, Ltd. v. The Seed Corps*, 43 USPQ2d 1582 (TTAB 1997), the inquiry as to whether a party's neglect is excusable is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include. . . [1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395. In subsequent applications of this test, several courts have stated that the third Pioneer

4

factor, namely the reason for the delay and whether it was in the reasonable control of the movant, might be considered the most important factor in a particular case. *See Pumpkin Ltd.* at 1586, footnote 7 and the cases cited therein.

Initially, we consider the third *Pioneer* factor, and we find that opposer's failure to timely present evidence during the prescribed testimony period was due to circumstances wholly within its control. Indeed, opposer neither contends that it was unaware of the discovery and trial deadlines nor that it was in any way prevented from taking action. As such, the critical inquiry is whether opposer's oversight in filing a motion to extend is excused by its participation in other matters regarding this case.

As regards opposer's contention that the parties were continuing to explore settlement possibilities during opposer's testimony period, it is well established that the mere existence of settlement negotiations alone does not justify a party's inaction or delay. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (8th Cir. 1996); *Jones Truck Lines v. Foster's Truck & Equipment Sales, Inc.*, 63 F.3d 684 (8th Cir. 1995); *Federal Savings & Loan Insurance Corp. v. H. Kroenke, v. Anderson Die Castings, Inc.*, 925 F.2d 226 (7th Cir. 1991). Parties engaged in proceedings before the Board frequently discuss settlement, but the existence of such negotiations or offers, without more, does

not excuse them from complying with the deadlines set by the Board or imposed by the rules.

Contrary to opposer's contentions, the record does not establish that this is a case where the parties were engaged in on-going, bilateral settlement negotiations during the critical time period up to and including February 8, 1997. Rather, the record shows that on February 4, i.e., four days prior to the close of opposer's testimony period, applicants forwarded to opposer, by first-class mail, a settlement proposal. Opposer's sole documented response thereto was, on February 27, 1997, to reject the settlement offer out of hand. As regards the settlement proposal, we cannot be certain that it even reached opposer before the close of its testimony period. Nor can we determine if opposer was planning to offer evidence during the last four days of its testimony period, but did not go forward because of the proposal. On this record, we can only conclude that opposer was without a reasonable basis for failing to take the steps necessary to preserve its claim.

Moreover, while we are mindful of the cooperation and effort expended by opposer in its acquisition of the documents produced by applicants in response to opposer's discovery requests, such cooperation does not discharge opposer's obligation to adhere to the set timetable for this proceeding. Opposer brought this case and, in so doing,

took responsibility for moving forward on the established schedule. As required by the scheduling order, as reset, opposer had an obligation to take testimony or otherwise introduce evidence in furtherance of its claim by February 8, 1997, or, alternatively, to file, on or prior to that date, a motion to extend its testimony period.

As regards the remaining *Pioneer* factors, we find no evidence of a bad faith attempt by opposer to delay this case, and no specific prejudice to applicants beyond mere delay, factors which favor a finding of excusable neglect; but we do find, from a docket management standpoint, that the delay in opposer's prosecution of this case is detrimental to the orderly administration of the opposition process.

On balance, we find that opposer's inattention to the set schedule governing this proceeding, albeit inadvertent, is clearly the most dominant factor in opposer's failure to timely present its case and that such inattention has had an adverse impact on the orderly administration of this case. Accordingly, even under the more liberal interpretation of "excusable neglect" articulated by the *Pioneer* Court and adopted by the Board, such neglect can be neither overlooked or excused.

In view thereof, opposer's motion to reopen the discovery and testimony periods is denied.

Finally, turning to applicants' motion to dismiss under Trademark Rule 2.132, applicants contend that opposer has failed to take any testimony in this action. In opposing the motion, opposer argues that by the time applicants filed their motion, applicants had already conceded to opposer's request to reset the discovery and trial dates, by their failure to timely respond thereto; and that applicants failed to file their motion to dismiss within the time limits prescribed by Trademark Rule 2.132(c).

While we note that a motion for judgment under 37 CFR §2.132(a) should be filed before the opening of the moving party's testimony period, we have exercised our discretion and considered applicants' later-filed motion. See 37 CFR §2.132(c), and *Hewlett-Packard Co. v. Olympus Corp.*, 931 F.2d 1551, 18 USPQ2d 1710 (Fed. Cir. 1991).

Dismissal is appropriate under Section 2.132(a) where the plaintiff's time for taking testimony has expired and the plaintiff has not taken any testimony or offered any evidence. By this order, we have determined that opposer is not entitled to a reopening of its testimony period. Since opposer failed to take any testimony or offer any other evidence in support of its claims during its assigned

8

testimony period, applicants' motion to dismiss the opposition under Trademark Rule 2.132(a) is granted. The opposition is hereby dismissed with prejudice.

J. D. Sams

P. T. Hairston

C. E. Walters
Administrative Trademark
Judges, Trademark Trial
and Appeal Board