NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1198
(Opposition No. 91/159,343)


EL ENCANTO, INC.
(doing business as Bueno Foods),

Appellant,

v.

LA TORTILLA FACTORY, INC.,

Appellee.


_____

DECIDED:  October 6, 2006

_____


Before MICHEL, Chief Judge, LOURIE and SCHALL, Circuit Judges.

MICHEL, Chief Judge.

El Encanto, Inc. d/b/a Bueno Foods ("Bueno Foods") appeals from a decision of

the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal

Board ("Board") dismissing Bueno Foods' opposition to registration of the mark SOY

BUENO by La Tortilla Factory, Inc. ("La Tortilla").  El Encanto, Inc. v. La Tortilla Factory

Inc., Opposition No. 91159343 (T.T.A.B. October 20, 2005).  On appeal, Bueno Foods

challenges the Board's ruling that two of Bueno Foods' marks, Reg. No. 1,538,311 and

Reg. No. 2,374,448, were not properly put in evidence.  Without them, the opposition,

which was heavily based upon those marks, was deficient and had to be dismissed.[*]
Because Bueno Foods failed to offer proof as required by the Board's regulations and
our precedent, we <u>affirm</u>, for the Board did not abuse its discretion in refusing to
consider the alternative evidence that was submitted.

<u>BACKGROUND</u>

La Tortilla filed an intent-to-use application with the USPTO to register the mark
SOY BUENO for tortillas. Bueno Foods filed a notice of opposition on the basis that La
Tortilla's proposed mark was confusingly similar to several of its marks for tortillas and
other goods, including the two marks at issue in this appeal: (1) Reg. No. 1,538,311 for
the mark shown below,



and Reg. No. 2,374,448 for the mark BUENO in standard character form (collectively,
"the '311 and '448 marks"). Bueno Foods attached photocopies of its pleaded
registrations to the notice of opposition pursuant to 37 C.F.R. § 2.122(d). No testimony
was taken by either party. La Tortilla objected to the photocopies of the registrations,
arguing that they were not admissible evidence because they did not show the current
status of, and Bueno Foods' title to, the registrations. The Board agreed with La Tortilla,
and excluded the photocopies from the record before it. Accordingly, Bueno Foods

---

[*] Bueno Foods has not appealed the Board's ruling that that no likelihood of
confusion would result from the contemporaneous use of La Tortilla's SOY BUENO
mark and Bueno Foods' registered mark Reg. No. 2,190,265 (GRANDMA'S BUENO
FROM OUR FAMILY TO YOURS SINCE 1951 and Design, for tortillas).

could not prove its case of a likelihood of confusion between La Tortilla's SOY BUENO mark and the '311 and '448 marks.

<u>DISCUSSION</u>

This court reviews evidentiary rulings under an abuse of discretion standard. <u>Rotec Indus., Inc. v. Mitsubishi Corp.</u>, 215 F.3d 1246, 1256 (Fed. Cir. 2000) (citation omitted).

A party that wishes to rely on its ownership of a Federal registration in an opposition proceeding must make the registration of record by offering evidence sufficient to show that the registration is still subsisting, and that it currently owns the registration. <u>See</u> 37 C.F.R. § 2.122(d). A registration may be entered into evidence by (1) furnishing two copies of each registration prepared and issued by the USPTO showing both the current status of and current title to the registration; (2) appropriate identification and introduction of the registration during the taking of testimony; or (3) filing a notice of reliance on the registration during Opposer's testimony period. <u>Id.</u>; <u>see also</u> <u>Hewlett-Packard Co. v. Olympus Corp.</u>, 931 F.2d 1551, 1554 (Fed. Cir. 1991). Registrations not offered into evidence in compliance with this regulation are generally not considered. <u>See</u> 37 C.F.R. § 2.123(l).

Bueno Foods concedes that it did not introduce evidence of its pleaded registrations in accordance with 37 C.F.R. § 2.122(d). Bueno Foods argues, however, that the registrations should nonetheless be considered part of the record because La Tortilla had "fair notice" that both the '311 and '448 marks were current and owned by Bueno Foods. Bueno Foods argues that La Tortilla demonstrated its familiarity with Bueno Foods' registrations by (1) providing the USPTO during <u>ex</u> <u>parte</u> prosecution of

SOY BUENO with printouts from Bueno Foods' website allegedly showing the marks, (2) requesting that the Board take judicial notice of several other terminated opposition proceedings involving the '311 and '448 marks in which Bueno Foods was the plaintiff, and (3) "accepting" Bueno Foods' responses during discovery regarding status and title in the '311 and '448 marks and submitting those responses to the Board for the record. Bueno Foods argues that these actions serve as an admission of Bueno Foods' registrations because La Tortilla cannot contend a lack of familiarity with the registrations or a lack of fair notice of the case it had to meet.

Bueno Foods relies principally on Tiffany & Co. v. Columbia Industries, Inc., 455 F.2d 582 (C.C.P.A. 1972), to support its contentions that registrations may be entered into evidence by means other than those enumerated in 37 C.F.R. § 2.122(d). In Tiffany, our predecessor court held that an opposer's failure to provide evidence of its registration under the Trademarks Rules was not fatal to its case because the applicant admitted in its pleadings "the registrations referred to in the notice of opposition." 455 F.2d at 585. La Tortilla argues that Tiffany does not govern here because in its answer to the opposition, La Tortilla stated that it was "without knowledge or information to form a belief as to the truth of the averments . . . and based thereon denies each and every such averment" regarding Bueno Foods' registrations. La Tortilla argues that the circumstances here are indistinguishable from those in Hewlett-Packard Co., in which we held that an opposer's failure to submit its registrations in accordance with 37 C.F.R. § 2.122(d) was fatal where the applicant denied that the pleaded marks were "valid and subsisting and . . . in full force and effect" in its answer based upon a "lack of knowledge or information." 931 F.2d at 1554.

06-1198                                4

We agree with La Tortilla. Unlike the opposer in Tiffany, La Tortilla did not admit Bueno Foods' title to, or the current status of, the pleaded registrations. Rather, in paragraphs 3 and 4 of its answer, La Tortilla stated that it was without knowledge or information sufficient to form a belief as to the truth of Bueno Foods' allegations that it currently offers and sells goods and services under the '311 and '448 marks. As we stated in Hewlett-Packard Co., "denials based on lack of knowledge or belief are valid denials, Fed. R. Civ. P. 8(b); they effectively put [the opposer] on notice that its claim was being challenged, thereby requiring [the opposer] to prove its case." 931 F.2d at 1554. Here, La Tortilla's responses in its answer were valid denials of the current status of, and Bueno Foods' title to, the pleaded registrations. Consequently, Bueno Foods was on notice that it would have to prove its case. Yet, Bueno Foods failed to take any of the alternative measures to introduce the registrations into evidence, such as take testimony or file a notice of reliance on the registrations, provided for in 37 C.F.R. § 2.122(d)(2).

While it is true that registrations not offered into evidence in strict compliance with 37 C.F.R. § 2.122(d) may nonetheless be deemed by the Board to be of record if the adverse party treats the registrations as being of record, we do not find that La Tortilla's actions in this case constituted an admission of Bueno Foods' registrations. We have considered Bueno Foods' arguments in this regard and find them to be unpersuasive. Absent such admission, it is incumbent upon the opposer to submit evidence in the requisite form to demonstrate its proprietary rights in, and the current status of, its pleaded marks. We therefore cannot conclude that the Board abused its discretion in holding that the SOY BUENO prosecution file wrapper, the previous

opposition proceedings, and the submission of Bueno Foods' answers to La Tortilla's interrogatories failed to satisfy Bueno Foods' clear burden to establish current status of, and current title to, its pleaded registrations. Nor do they constitute admissions obviating the need for proof.

"While it is true that the law favors judgments on the merits wherever possible, it is also true that the Patent and Trademark Office is justified in enforcing its procedural [rules]." Hewlett-Packard Co., 931 F.2d at 1554. Board decisions recognize that the Board has the authority to require parties to follow a simple, straightforward, and inexpensive procedure to prove ownership and status of pleaded registrations. See e.g., Volkswagenwerk Aktiengesellschaft v. Clement Wheel Co., Inc., 204 U.S.P.Q. 76, 81 (T.T.A.B. 1979) ("When such minimal requirements have been painstakingly and repeatedly laid out, and the relevant regulations are so clear, opposer's failure to follow them is at its own peril."). Bueno Foods failed to follow such procedures. The Board's exclusion of the evidence was not an abuse of discretion given the several alternatives Bueno Foods had, but ignored. We therefore must affirm the decision of the Board.