This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

GCP

Mailed: March 27, 2014

Opposition No. 91207312

Sterling Jewelers Inc.

v.

Romance & Co., Inc.

**Before Bucher, Ritchie, and Adlin,**
**Administrative Trademark Judges.**

**By the Board:**

This case now comes before the Board for consideration of Romance & Co., Inc.'s ("applicant") motion (filed September 27, 2013) for involuntary dismissal pursuant to Trademark Rule 2.132(a), 37 C.F.R. § 2.132(a), or, alternatively, under Trademark Rule 2.132(b), 37 C.F.R. § 2.132(b), on the ground that Sterling Jewelers Inc. ("opposer") has failed to prosecute this case. The motion is fully briefed.

**Background**

Applicant filed an application to register the mark **WHAT YOUR HEART DESIRES**, in standard characters, for "jewelry" in International Class 14.[1]

---

[1] Application Serial No. 85526229, filed January 26, 2012, based upon an allegation of a *bona fide* intention to use the mark under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b).

Opposer filed a notice of opposition on October 4, 2012 opposing the registration of applicant's mark on the ground of likelihood of confusion based upon its previously used and registered mark HEARTS DESIRE for "fine jewelry" in International Class 14 (Registration No. 3313172). Opposer attached to its notice of opposition a photocopy of its pleaded registration, which shows the registration issued in 2007.

Applicant, in its answer, admitted that (1) it filed its involved "application Serial No. 85/526,299 on January 26, 2012 for the mark WHAT YOUR HEART DESIRES for 'jewelry' in Class 14" (Answer ¶ 2), and (2) "[o]pposer is the listed owner of record for U.S. Registration No. 3313172 for the mark 'Hearts Desire.'" (Answer ¶ 3). Applicant, however, denied the remaining salient allegations in the notice of opposition.

Opposer's testimony period closed on September 9, 2013 with opposer having submitted no evidence and taken no testimony.

**Applicant's Motion for Involuntary Dismissal**

In support of its motion, applicant maintains that opposer has not submitted a proper copy of its pleaded registration into evidence; and has not obtained any discovery or submitted any evidence or taken any testimony during its assigned testimony period. With regard to the photocopy of opposer's pleaded registration attached to the notice of opposition, applicant argues that the registration is not of record because it does not comply with the requirements of Trademark Rule 2.122(d)(1), 37 C.F.R § 2.122(d)(1).

Specifically, applicant contends that the photocopy of the registration shows neither current status nor current title. Because opposer has failed to submit any other evidence in support of its asserted claim of likelihood of confusion, applicant requests that judgment be entered against opposer and the opposition be dismissed with prejudice under Trademark Rule 2.132(a).

Alternatively, applicant argues that, even assuming the registration pleaded by opposer is part of the evidentiary record under Trademark Rule 2.122(d)(1), applicant's motion for involuntary dismissal should nonetheless be granted under Trademark Rule 2.132(b). Specifically, applicant argues that the marks at issue are not identical and create very different and distinct commercial impressions. Furthermore, applicant maintains that, absent testimony or any other evidence to prove likelihood of confusion and because the marks at issue are different, opposer has failed to meet its burden of proof and, therefore, applicant's alternative motion under Trademark Rule 2.132(b) should be granted.

In response, opposer maintains that applicant previously admitted in its answer that opposer is the listed owner of record for its pleaded U.S. Registration No. 3313172 for the mark HEARTS DESIRE. In view thereof, opposer argues that opposer's ownership of the registration is not in question and establishes opposer's standing to bring this proceeding. Further, opposer contends that it may rest upon the *prima facie* case made by its pleaded registration. Alternatively, opposer requests that the Board give opposer time

or "grant opposer leave" to file further evidence of the current status and title of its pleaded registration and provide any further evidence, as appropriate.

In reply, applicant contends that its admission in its answer regarding opposer's pleaded registration does not constitute an admission that opposer is the current owner of the registration or that the registration is currently valid and subsisting. Applicant maintains that it only admitted that opposer is "listed" as the owner of the registration in USPTO records.

## Decision

We first turn to opposer's request for leave to submit further evidence regarding the current status and title of its pleaded registration or any other appropriate evidence to support its asserted claim. The request is **DENIED** inasmuch as opposer has failed to argue or demonstrate that its failure to submit any evidence or take any testimony during its assigned testimony period was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b), and *Melwani v. Allegiance Corp.*, 97 USPQ2d 1537, 1540 (TTAB 2010).

We next turn to applicant's motion for involuntary dismissal.

Pursuant to Trademark Rule 2.132(a),

If the time for taking testimony by any party in the position of plaintiff has expired and that party has not taken testimony or offered any other evidence, any party in the position of defendant may … move for dismissal on the ground of the failure of the plaintiff to prosecute.

By contrast, Trademark Rule 2.132(b) provides that:

If no evidence <u>other than a copy or copies of Patent and Trademark Office records is offered by any party in the position</u>

of plaintiff, any party in the position of defendant may, without waiving the right to offer evidence in the event the motion is denied, move for dismissal on the ground that upon the law and the facts the party in the position of plaintiff has shown no right to relief.

 (emphasis added).

Accordingly, we must first determine whether opposer's pleaded registration has been properly made of record under Trademark Rule 2.122(d) so that the Board may ascertain which subsection of Trademark Rule 2.132 would be applicable in this case.

Trademark Rule 2.122(d) provides the manner in which a plaintiff may properly make its pleaded registration(s) of record:

(1) A registration of the opposer or petitioner pleaded in an opposition or petition to cancel will be received in evidence and made part of the record if the opposition or petition is accompanied by an original or photocopy of the registration prepared and issued by the United States Patent and Trademark Office showing both the current status of and current title to the registration, or by a current printout of information from the electronic database records of the USPTO showing the current status and title of the registration; or

(2) A registration owned by any party to a proceeding may be made of record in the proceeding by that party by appropriate identification and introduction during the taking of testimony or by filing a notice of reliance, which shall be accompanied by a copy (original or photocopy) of the registration prepared and issued by the Patent and Trademark Office showing both the current status of and current title to the registration. The notice of reliance shall be filed during the testimony period of the party that files the notice.

The above rule is simple and clear, yet opposer's submission fails to comply with the requirements of the rule. Here, opposer merely attached as an exhibit to its notice of opposition a photocopy of its pleaded registration. The Board has routinely held that the submission of a photocopy of a pleaded registration, by itself, is insufficient for purposes of establishing a party's current ownership, or the current status, of the registration, and therefore does not suffice to make the registration of record. *See* TBMP § 704.03(b)(1)(A) (3d ed. rev. 2 2013) and authorities cited therein. Further, opposer did not otherwise establish the status and title of the registration, such as by submitting a current[2] copy of it under a notice of reliance, or by taking testimony sufficient to establish its status and title, pursuant to Trademark Rule 2.122(d)(2). As explained by our primary reviewing court, the Court of Appeals for the Federal Circuit, in *Hewlett-Packard Co. v. Olympus Corp.*, 931 F.2d 1551, 18 USPQ2d 1710, 1713 (Fed. Cir. 1991):

> The Trademark Rules provide a means for implementing this proof of a *prima facie* case. They require that, in an opposition proceeding, registrations may be entered into evidence by (1) furnishing two copies of each registration prepared and issued by the Patent and Trademark Office showing both the *current*

---

[2] Documents submitted as evidence of a registration under Trademark Rule 2.122(d) must show the *current* title and *current* status of the registration. Therefore, such documents must have been created reasonably contemporaneous with their filing. *See Marriott Corp. v. Pappy's Enters., Inc.*, 192 USPQ 735, 736 (TTAB 1976). According to the photocopy attached to the notice of opposition, opposer's registration issued in 2007, slightly over five years prior to its filing as an attachment to opposer's notice of opposition. To the extent that opposer's original registration certificate reflects the ownership and status of that registration, that information was not current at the time it was filed. *See, e.g., Hard Rock Cafe Int'l (USA) Inc. v. Elsea*, 56 USPQ2d 1504, 1511 (TTAB 2000) (three year old certificates of registration insufficient to show current title and status).

*status* of and *current title* to the registration; (2) appropriate identification and introduction of the registrations during the taking of testimony; or (3) filing a notice of reliance on the registrations during Opposer's testimony period. 37 C.F.R. § 2.122(d) (emphasis added). These rules are simple and clear, but Hewlett did not follow them.[3]

Because opposer has failed to comply with the "simple and clear" directives of Trademark Rule 2.122(d), opposer's pleaded registration is not of record. In view thereof and inasmuch as opposer has failed to submit any other evidence or take any testimony during its assigned testimony period, we will consider applicant's motion for involuntary dismissal as one seeking relief under Trademark Rule 2.132(a) only.[4]

Although opposer has not submitted any evidence or taken any testimony to support its asserted claim of priority and likelihood of confusion, we nevertheless note that applicant has admitted that opposer "is listed" as the owner of the registration pleaded in opposer's notice of opposition. We do not

---

[3] The Board notes that the requirements for making a pleaded registration of record have changed since the Federal Circuit's decision in *Hewlett Packard*. A status and title copy prepared by the Office is no longer the only acceptable copy under Trademark Rule 2.122(d). A party may submit a current printout of information from the electronic database records of the USPTO showing the current status and title copy of the pleaded registration. Furthermore, a party no longer is required to submit two acceptable copies of its pleaded registration; a single appropriate copy is sufficient.

[4] Strict compliance with Trademark Rule 2.122(d) is necessary if parties defending against claims based on registrations, such as applicant in this case, are to know whether relevant registrations are of record and thus whether to introduce opposing evidence. Opposer's registration issued over six years ago, and the information printed on the photocopy attached to the notice of opposition may no longer be accurate, such as if ownership of the registration was transferred, or the registration was canceled. A current status and title copy of the registration, or other evidence compliant with Trademark Rule 2.122(d), would have demonstrated that opposer remains the owner of the registration and that the registration remains valid and subsisting.

construe this admission as establishing opposer's current ownership of the pleaded registration; instead, we view the admission, albeit somewhat ambiguous, as merely establishing that opposer is identified as the owner of the registration in the photocopy of the registration attached as an exhibit to the notice of opposition.[5]

Opposer, as the plaintiff in this proceeding, has the burden of proof to establish, by a preponderance of the evidence, that it has standing and a ground upon which relief may be granted. *Cunningham v. Laser Golf Corp.,* 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000); *Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 189 (CCPA 1982). Because opposer has failed to submit any evidence supporting its asserted claim of likelihood of confusion and inasmuch as opposer has failed to prove any common law rights in its pleaded mark or that its pleaded registration for the mark HEARTS DESIRE is currently owned by opposer and that it is valid and subsisting, opposer has failed to demonstrate its standing or that it is entitled to any relief under its asserted claim of likelihood of confusion.

In view thereof, applicant's motion for involuntary dismissal under Trademark Rule 2.132(a) is **GRANTED** and the notice of opposition is dismissed with prejudice.

---

[5] Indeed, by merely admitting that opposer "is listed" as the owner of the pleaded registration, it appears that applicant is intentionally avoiding an admission of actual current ownership.