NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN WESTLAKE,**
*Appellant*

**v.**

**EDGAR ALEXANDER BARRERA,**
*Appellee*

---

2016-1189

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92052260.

---

Decided: September 8, 2016

---

MARK E. LEVY, Hinman, Howard & Kattell, LLP, Binghamton, NY, for appellant.

EDGAR ALEXANDER BARRERA, Grand Terrace, CA, pro se.

---

Before PROST, *Chief Judge,* NEWMAN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Steven Westlake filed a petition to cancel Edgar Barrera's trademark registration. Mr. Westlake did not submit supporting evidence within the time allowed. The Trademark Trial and Appeal Board found that his neglect was not excusable, and it therefore dismissed the cancellation petition. We affirm.

BACKGROUND

Mr. Barrera owns a registration, issued on August 4, 2009, for a mark consisting of "THE NATIONAL POLICE GAZETTE THE LEADING ILLUSTRATED SPORTING JOURNAL IN AMERICA" and a design. On March 29, 2010, Mr. Westlake petitioned to cancel the mark under 15 U.S.C. § 1064, alleging that Mr. Barrera committed fraud in procuring the registration of the mark and that the mark falsely suggests a connection with Mr. Westlake.

The Board gave the parties several extensions of time for the submission of evidence but ultimately set July 29, 2014, as Mr. Westlake's due date. *See* 37 C.F.R. § 2.121. Mr. Westlake submitted no evidence by that date. Six months later, on January 28, 2015, the Board issued a show-cause order, giving him until February 12, 2015, to demonstrate why judgment should not be entered against him for failure to prosecute the case. Mr. Westlake responded six days late, on February 18, 2015. In his response, he moved to reopen the time to respond to the Board's show-cause order, actually responded to the show-cause order, and moved to reopen the period for submitting evidence.

The Board allowed Mr. Westlake's late response to the show-cause order, finding that his six-day tardiness on the show-cause order was excusable. The Board borrowed generally applicable standards for excusable neglect, considering "all relevant circumstances," including "the danger of prejudice to the [non-movant], the length of the

delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also FirstHealth of Carolinas, Inc. v. CareFirst of Maryland, Inc.*, 479 F.3d 825, 829 (Fed. Cir. 2007). Finding that Mr. Barrera would incur no prejudice from excusing the tardiness, which was minimal, and that Mr. Westlake's tardiness "was caused by his paralegal's automobile accident and resulting injuries," not any bad faith, J.A. 4, the Board excused the lateness of Mr. Westlake's response to the Board's show-cause order. The Board therefore considered the response, and the motion to reopen the period for submitting evidence, on their merits.

Upon doing so, however, the Board determined that Mr. Westlake did not show good cause for his failure to prosecute the case, *i.e.*, for missing the July 2014 deadline for submitting evidence. Again applying the *Pioneer* framework, the Board concluded that Mr. Westlake's "failure to take testimony or offer evidence was not the result of excusable neglect." J.A. 7. The Board found that the delay caused by Mr. Westlake's failure to submit evidence was substantial, as he did not seek more time until after the scheduled testimony-submission periods of both parties had expired—indeed, until after the Board issued its show-cause order six months later. The Board also found that Mr. Westlake did not explain why "he was not diligent in prosecuting his case, except to say it was difficult to publish [his periodical] on a monthly basis and respond to the various motions filed by" Mr. Barrera. J.A. 6–7. The Board rejected Mr. Westlake's assertion that delays in the proceeding caused by Mr. Barrera should excuse Mr. Westlake's failure to submit evidence when required. Instead, the Board found that the "reason for

the delay was within [Mr. Westlake's] control," a fact weighing "strongly" against him.  J.A. 7.

Having found for those reasons that Mr. Westlake's failure to prosecute the case was not a result of excusable neglect, the Board denied his motion to reopen the evidence-submission period.  And because Mr. Westlake "ha[d] not submitted any record evidence or testimony in support of his case," the Board dismissed the petition to cancel Mr. Barrera's mark.  J.A. 7.

Mr. Westlake appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

There is no challenge to the Board's premises that in this case missing the due date for submission of evidence, if without good cause, constituted a failure to prosecute that warranted dismissal of the petition to cancel.  The question before us is whether the Board committed reversible error in determining that Mr. Westlake did not show good cause for his failure to submit evidence by the due date.  We review the Board's determination under the deferential standard limiting us to checking if the Board abused its discretion.  *See Hewlett-Packard Co. v. Olympus Corp.*, 931 F.2d 1551, 1552 (Fed. Cir. 1991).  We find no basis for disturbing the Board's decision.

We see no error in the Board's adoption of the *Pioneer* framework for assessing excusable neglect, and we see no abuse of discretion in the Board's application of that framework to the facts in this case.  The Board deemed Mr. Westlake's delay to be "substantial," and it found that "the reason for the delay was within [Mr. Westlake's] control," a factor "weigh[ing] strongly" against Mr. Westlake.  J.A. 6–7.  The Board also rejected the argument that Mr. Barrera's delays in the proceeding excuse Mr. Westlake's failure to prosecute.  Mr. Westlake has not shown that the Board committed an abuse of discretion in

reaching any of those determinations. He argues that the Board should have considered Mr. Barrera's repeated delays and bad faith in reaching its no-excusable-neglect decision, but the Board did consider Mr. Barrera's actions, deeming them not to excuse Mr. Westlake's failure to prosecute his case. In essence, Mr. Westlake asks this court to reevaluate the factors considered by the Board. But that is not this court's function under an abuse-of-discretion standard of review. *See, e.g., In re NTP, Inc.*, 654 F.3d 1279, 1292 (Fed. Cir. 2011).

Mr. Westlake also directly alleges that Mr. Barrera committed fraud in procuring registration of his mark. That assertion is the basis of Mr. Westlake's petition for cancellation, which, as we have just explained, the Board properly found Mr. Westlake failed to prosecute. Failure to prosecute was the only ground, and a legally sufficient ground, for the Board's dismissal of the petition for cancellation without deciding anything about the fraud charge except that there was no evidence timely submitted to support it. The merits of the fraud charge are therefore not before us.

CONCLUSION

For the foregoing reasons, the judgment of the Board is affirmed.

**AFFIRMED**